UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| DANIEL ALLEN HOWARD,           ) | |
| ) | |
| Plaintiff,           ) | Civil Action No. 3:16-CV-49-GFVT |
| ) | |
| v.           ) | **MEMORANDUM OPINION** |
| ) | **&** |
| COUNTY OF CARROLLTON           ) | **ORDER** |
| KENTUCKY,           ) | |
| ) | |
| Defendant.           ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

On June 9, 2016, Plaintiff Daniel Allen Howard, who is confined at the Carroll County Detention Center ("CCDC") located in Carrollton, Kentucky, filed a *pro se* 42 U.S.C. § 1983 civil rights complaint [R. 1] in the United States District Court for the Western District of Kentucky, Louisville Division ("the Western District").[1]  Howard names the "County of Carrollton Kentucky" as the defendant to this § 1983 action, but the construed defendants to this action are (1) Carroll County, Kentucky, and/or its governing body, the Carroll County Fiscal Court; (2) the City of Carrollton, Kentucky; and/or (3) the CCDC, which Howard alleges is "…owned by the City of Carrollton."  [R. 1, p. 2, § III.]  Howard seeks compensatory damages

---

[1] Howard dated his § 1983 complaint June 9, 2016, *see* R. 1, p. 3, but the complaint was not received and filed in the Western District until June 13, 2016.  *See* the Clerk's date-stamp, *id*., p. 1.  On July 25, 2016, the Western District entered a Memorandum and Order transferring Howard's § 1983 complaint to this district, pursuant to the venue considerations set forth in 28 U.S.C. § 1391(b), and the fact that the named defendant(s) are located in this district.  [R. 5.]  But as the Western District correctly noted, "It is unclear whether Plaintiff is trying to sue the City of Carrollton, Carroll County in which Carrollton is located, or both."  [R. 5, p. 1, n.1.]  The case caption as written by Howard indicates his confusion about the defendants, because "Carrollton" is a city located in, and the county seat of, *Carroll County, Kentucky*.  Contrary to Howard's assertion, no county identified as "*Carrollton County*" exists in the Commonwealth of Kentucky.

for the constitutional violations alleged in his § 1983 complaint. By separate Order, Howard has been granted *in forma pauperis* status in this proceeding.

The Court conducts a preliminary review of Howard's complaint because he asserts claims against government officials and because he has been granted pauper status. 28 U.S.C. §§ 1915(e)(2)(B), 1915A. In such cases, a district court must dismiss any action which: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *Id*. Because Howard proceeds without counsel, the Court liberally construes his claims and accepts his factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). As explained below, the Court finds that Howard has not alleged a claim upon which relief can be granted, and accordingly, his § 1983 complaint must be dismissed with prejudice.

# I

Howard alleges that on May 1, 2016, he was assaulted by another CCDC inmate; that as a result of that assault, he sustained serious bodily injuries including a broken wrist and also psychological damage; that Matt Walls, a CCDC guard, ordered Howard to be confined in the "hole" for nine days when he refused to return to the cell where he was allegedly assaulted; and that he was denied any medical treatment for over a month until he was finally taken to a hospital, at which time he underwent x-rays and a brace was applied to his broken hand/wrist. [R. 1, p. 2.] Howard seeks compensatory damages of $10,000 and an order requiring the defendant to pay for all of his medical expenses. [*Id*. at 3.]

**II**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws, and he must also show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, and is not a source of substantive rights in itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

As an initial matter, the Court must address Howard's current legal status. In its Order of July 25, 2016, the Western District identified Howard as a "pre-trial detainee incarcerated at the Carroll County Detention Center…." [R. 5 at 1.] Howard was in fact a pretrial detainee when he filed this action on June 13, 2016, but the Kentucky Department of Corrections' ("KDOC") website reveals that one month later, Howard became a convicted felon and on July 15, 2016, he was sentenced to a three-year prison sentence by the Carroll County Circuit Court, having been convicted of several felony drug offenses in Case No. 16-CR-00069. *See* http://kool.corrections.ky.gov/KOOL/Details/15582, "Conviction Information," (last visited on July 28, 2016).[2] Howard alleges that he was subjected to cruel and unusual punishment at the CCDC between May 1, 2016, and June 9, 2016 (the date on which he filed his § 1983 complaint), meaning that the events described in the complaint allegedly occurred while Howard

---

[2] The Court takes judicial notice of the fact that Howard's KDOC Inmate Number is **148951**. *See* http://kool.corrections.ky.gov/KOOL/Details/15582 ("PID # / DOC #") (last visited on July 28, 2016). Therefore, the Clerk of the Court will be instructed to identify Howard's KDOC Inmate Number, **148951**, on the CM/ECF cover sheet.

3

was a pre-trial detainee, as those dates were prior to July 15, 2016, the date on which Howard was convicted of felony drug offenses in the Carroll County Circuit Court.

Because a pretrial detainee has not yet been convicted, the source of his right to be free from cruel and unusual punishment, such as excessive force and/or the denial of necessary medical treatment, stems from the Fourteenth Amendment rather than the Eighth Amendment. *Leary v. Livingston*, 528 F. App'x 438, 450 (6th Cir. 2008). Although a pretrial detainee does not enjoy the full protections of the Eighth Amendment, pretrial detainees still possess due process rights under the Fourteenth Amendment of the U.S. Constitution that are similar to the Eighth Amendment rights of prisoners. *Popham v. City of Talladega*, 908 F.2d 1561, 1563 (11th Cir. 1990); *Belcher v. Oliver*, 898 F.2d 32, 35 (4th Cir. 1990); *Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985). "[T]he Eighth Amendment prohibits punishments which, although not physically barbarous, involve the unnecessary and wanton infliction of pain, or are grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (citation omitted) (internal quotation marks omitted); *see also Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). In relation to the conditions of confinement, the Eighth Amendment only addresses "deprivations of essential food, medical care or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348.

As previously noted, the identity of the defendant(s) named in this § 1983 action is left to speculation, as to whether Howard intended to sue the City of Carrollton, Kentucky; or Carroll County, Kentucky, in which the City of Carrollton is located; or the Carroll County Fiscal Court (which is presumably the governing body of Carroll County, Kentucky). Regardless of which precise municipal defendant Howard named, or intended to name but failed to name, Howard fails to state a claim upon which relief can be granted in this § 1983 proceeding. When a § 1983

4

claim is asserted (or construed as being asserted) against a municipality, a district court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). Howard alleges that while confined at the CCDC, an unidentified inmate physically assaulted him and caused him to suffer bodily injuries, pain, suffering and emotional distress; that CCDC guard Matt Wells placed him in the "hole" for nine days, possibly in retaliation for Howard's refusal to return to the cell where he had been assaulted; and that unidentified CCDC officials denied him medical treatment for his broken wrist/hand for over a month.

While these allegations may describe possible federal constitutional violations, they do not contain facts demonstrating that either the CCDC, any named defendant, or any construed municipal defendant (*i.e.*, the City of Carrollton, Kentucky, or Carroll County, Kentucky in which the City of Carrollton is located, or the Carroll County Fiscal Court) were responsible for the alleged constitutional violations. This is because Howard does not allege that the City of Carrollton, Kentucky; Carroll County, Kentucky; and/or the Carroll County Fiscal Court had an official policy or custom which was the moving force behind the alleged actions, or inactions, about which Howard complains. Absent such an allegation, a local government entity cannot be held liable under § 1983 based on the theory of *respondeat superior* for harm or injury inflicted solely by its employees. *Monell*, 436 U.S. at 611. Liability under § 1983 against a political subdivision may attach only where the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" about which the plaintiff complains. *Id.*; *see also Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994).

5

Put another way, to prevail on a § 1983 claim against a municipality, the plaintiff must "identify the policy, connect the policy to the [local government] itself and show that the particular injury was incurred because of the execution of that policy." *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987). The local government policy or custom must be the "moving force" behind the behind the violation of the plaintiff's constitutional rights. *Board of Cnty. Commrs. of Bryan Cnty. v. Brown*, 520 U.S. 397, 405 (1997); *see also Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985) (explaining that there must be an "affirmative link between the policy and the particular constitutional violation alleged"); *Bennett v. City of Eastpointe*, 410 F.3d 810, 818-19 (6th Cir. 2005).

In summary, Howard fails to identify any such policy or custom adopted, followed, or implemented by any construed municipal defendant, whether it be the City of Carrollton, Kentucky; Carroll County, Kentucky; and/or the Carroll County Fiscal Court, which resulted in the conduct and/or personal injuries described in his § 1983 complaint. For this reason, Howard's § 1983 complaint will be dismissed with prejudice for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### III

Accordingly, **IT IS ORDERED** that:

(1) The Clerk of the Court shall **IDENTIFY** Plaintiff Daniel Allen Howard's KDOC Inmate Number (**#148951**), on the CM/ECF cover sheet.

(2) Howard's 42 U.S.C. § 1983 complaint [**R. 1**] is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

(3) This proceeding is **DISMISSED** and Judgment will be **ENTERED** contemporaneously with this Memorandum Opinion and Order in favor of the named defendant,

"County of Carrollton Kentucky," and in favor of the construed defendants: the City of Carrollton, Kentucky; Carroll County, Kentucky, and/or the Carroll County Fiscal Court; and the Carroll County Detention Center.

This the 5th day of August, 2016.

Gregory F. Van Tatenhove
United States District Judge